521 A.2d 532

Frank E. Senk, Petitioner *v.* Commonwealth of Pennsylvania, Board of Pardons, An Agency of the Commonwealth of Pennsylvania, Respondent.

Argued November 17, 1986, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Eduardo C. Robreno,* for petitioner.

*Francis R. Filipi,* Senior Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE KALISH, March 2, 1987:

In his petition for review, Frank Senk seeks review of the Pennsylvania Board of Pardons' (Board) denial of his request to be advised of the basis for denial of his application for commutation. Now before this court is

petitioner's motion for judgment on the pleadings and the Board's cross motion for judgment on the pleadings. We grant the Board's motion for judgment on the pleadings and deny petitioner's motion.

Initially, we note that the court's consideration of a party's motion for judgment on the pleadings is limited to well-pleaded facts, admissions and documents properly attached to the pleadings. *Balush v. Borough of Norristown*, 292 Pa. Superior Ct. 416, 437 A.2d 453 (1981).

Petitioner is serving a life sentence in the State Correctional Institution at Graterford. He has been incarcerated for about twenty-three years. In that time he has had ten unsuccessful commutation hearings before the Board and has never been given reasons for the Board's actions. He had requested of the Board "any and all documents, letters, memoranda and files" to discover the reasons for the denials of his applications. The Board denied his request. Petitioner now requests, of this court, that it direct the Board to provide duly-recorded reasons for its denial and to permit petitioner to inspect the files and records regarding his case.

Petitioner asserts that he has the right to inspect these documents pursuant to the Constitution of Pennsylvania which provides that "the Board shall keep records of its actions, which shall at all times be open for public inspection." PA. CONST. art. IV, §9(b) (amended 1975). The Board, however, correctly points out that it is the *action* of the commutation which must be recorded and made available to the public and not the *reasons* for said action. In subsection (a) of the same section, it is clear that the duty to state the reason for the Board's decision arises only when there is a recommendation for commutation. PA. CONST. art. IV, §9(a), states:

[B]ut no pardon shall be granted, nor sentence commuted, except on the recommenda-

tion in writing of a majority of the Board of Pardons. . . . The recommendation, with the reasons therefor at length, shall be delivered to the Governor and a copy thereof shall be kept on file. . . .

It follows that when the Board denies an application for commutation, as it did here, there is no requirement that it set forth reasons for its decision as there is no recommendation to be forwarded to the Governor.

Petitioner contends that he is entitled to inspect his file pursuant to section 4 of the Right-to-Know Act, Act of June 21, 1957, P. L. 390, *as amended,* 65 P.S. §66.4, which gives any citizen of the Commonwealth of Pennsylvania, who is denied any right under the Act, the right to appeal. Since the Board is a Commonwealth agency, appeal of its action to this court is proper.

Subsection 3 of the Right-To-Know Act, 65 P.S. §66.3, gives any citizen of the Commonwealth of Pennsylvania the right to take extracts or to make copies of public records. In subsection 1(2) of the Right-To-Know Act, 65 P.S. §66.1(2), a public record is defined as:

[A]ny minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons:

Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by any agency in the performance of its official duties, . . . or which would operate to the prejudice or impairment of a person's reputation or personal security. . . .

In *Lamolinara v. Barger,* 30 Pa. Commonwealth Ct. 307, 373 A.2d 788 (1977), the court held that the term "fixing the personal rights . . . of any person" has been interpreted to mean "affecting" that person's rights. The

court further construed the term "public record" to include decisions which "establish, alter, abolish or deny rights, privileges, immunities, duties or obligations."

The Board argues that its files are not public records because they do not contain decisions which affect the personal or property rights of any person. In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 60 L.Ed. 2d 668, 99 S.Ct. 2100 (1979), the Supreme Court stated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Similarly, the Supreme Court, in *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 69 L.Ed. 2d 158, 101 S.Ct. 2460 (1981), held that "the power invested in the Connecticut Board of Pardons to commute sentences conferred no rights on [prisoners] beyond the right to seek commutation." Furthermore, the court held that "a state cannot be required to explain its reasons for a decision when it is not required to act on prescribed grounds."

The Board also contends that its files are not public records under the Right-To-Know Act because they fall under the exception in subsection 1(2) of the Right-To-Know Act, 65 P.S. §66.1(2), as investigations undertaken by an agency in the performance of its official duties. Here, the Board, in the performance of its official duties, holds hearings and gathers information in the form of investigations, reports, and recommendations from sentencing judges, prosecutors, and victims and then makes recommendations to the Governor on commutation. If these records were made available to the public, they would certainly disclose information which is protected under subsection 1(2) of the Right-To-Know Act. Under these circumstances, we believe that the release of any such reports, communications, or papers would operate to the impairment of the personal securi-

ty or reputation of those persons mentioned in the reports.

Accordingly, we grant the Board's motion for judgment on the pleadings and deny petitioner's motion for judgment on the pleadings.

### ORDER

NOW, March 2, 1987, the Board of Pardons' motion for judgment on the pleadings is granted and petitioner's motion for judgment on the pleadings is denied.