**ASSOCIATED BUILDERS & CONTRACTORS, INC., Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF GENERAL SERVICES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1999.

Decided March 7, 2000.

Theodore A. Adler, Camp Hill, for petitioner.

Nora L. Doyle, Harrisburg, for respondent.

Before COLINS, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

Associated Builders & Contractors, Inc. (ABC) appeals from a determination by the Department of General Services (Department) which denied ABC's request for documents under the Right–to–Know Act.[1]

In 1996, the Department contracted with CRSS Constructors to provide construction management services for the Keystone Building Project. This contract became the subject of a Right–to–Know

---

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4. Section 66.2 states in pertinent part:

Every public record of an agency shall . . . be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania.

request by ABC. On January 19, 1999, ABC sent a letter requesting that the Department disclose a series of documents related to its selection of CRSS as the construction manager for the Keystone Project. The letter included a total of 12 requests, including the estimated and actual costs of the project, as well as the contract between CRSS and the insurance program selected by the construction manager.[2]

On January 28, 1999, the Department responded to ABC's request by disclosing the contract between the Department and CRSS that formed the basis for the construction management agreement. However, all other requests were denied on the grounds that either the requested documents were not public records or did not exist. On March 17, 1999, ABC submitted a second request for documents, which reiterated or submitted argument in support of its previous requests numbered 1, 4, 5, 6, 7, 8, 9 and 12. Requests 3, 10 and 11 were not reiterated and request 2 was expanded. The Department responded to this amended request in a letter dated April 26, 1999.

▮▮ On May 26, 1999, ABC filed a petition for review in this court from the April 26 denial.[3] This court's review of decisions rendered under the Right–to–Know Act is limited to determining whether the denial of the request for information was for just and proper cause. *Morning Call, Inc. v. Lower Saucon Township*, 156 Pa.Cmwlth. 397, 401, 627 A.2d 297, 299 n. 7 (1993). The Right–to–Know Act requires the disclosure of two categories of public records:

(1) Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency; and

(2) Any minute, order or decision by an agency fixing the personal or property rights of any person or group of persons.

*North Hills News Record v. Town of McCandless*, 555 Pa. 51, 54–55, 722 A.2d

---

2. ABC requested the following documents in a letter dated January 19, 1999:

1. The public advertisement of the Request for Proposals (RFP) or other solicitation bids concerning the Construction Manager Coordinated Insurance Program (CMCIP) for the Keystone Building Project (Project);

2. The RFP provided by DGS or its Construction Manager to prospective bidders/proposers for the CMCIP Program;

3. Contract between DGS/Commonwealth and the Construction Manager for the Project;

4. Agreements between the Construction Manager and the successful proposer/bidder for the CMCIP Program;

5. Agreements between DGS and the successful proposer/bidder for the CMCIP Program;

6. All policies of insurance including addenda and amendments issued to DGS for the Project;

7. All documents relating to the criteria to be used or which were used in evaluating the proposals for the CMCIP;

8. All documents relating to the evaluations, scoring, rating and ranking of the proposals for the CMCIP for the Project;

9. All documents relating to DGS's or the Construction Manager's analysis of the savings and/or estimation of the costs involved in selecting the CMCIP as opposed to alternative methods/types of insurance for the Project;

10. Notice of Award sent by DGS and/or the Construction Manager to the successful proposer for the CMCIP;

11. All documents relating to the estimated and actual costs for construction of the Project; and

12. All documents relating to 'nominal cost of insurance' under the CMCIP or estimates of insurance premiums the DGS expects to pay under the CMCIP.

3. The Petition for Review itself appeared to seek to appeal both the January 28 and April 26 denials. The Department moved to quash the petition as untimely under Pa. R.A.P. 1512(a)(1). On July 28, 1999, petitioner filed and served its brief which clarified that its appeal is from the April 26 decision. [See, e.g., Brief at p. 3.] On the same date this court denied the motion to quash. However, to the extent that ABC raises arguments in this appeal concerning those requests which were denied on January 28 and were not renewed in ABC's March 17 letter, those denials were not timely appealed and will not be considered here.

1037, 1038 (1999). The first category of documents should be broadly construed and need only constitute records evidencing disbursement of government money. *Id.* Further, an agency may not shield a public document from disclosure by contracting with a third party that subsequently disperses the government funds. By paying through a third party, an agency does not change the character of those funds from public to private. *Morning Call, Inc. v. Lower Saucon Township,* 156 Pa.Cmwlth. 397, 403–04, 627 A.2d 297, 300–01 (1993).

 The second category of documents under the Act is construed more narrowly. To establish that a document is a public record because it constitutes a "minute, order or decision" the party seeking disclosure must establish that the requested material:

1. was generated by an agency covered by the Act;

2. constitutes a minute, order or decision of an agency or an essential component of the agency's decision;

3. fixes the personal or property rights or duties of any person or group of persons; and

4. is not protected by statute, order or decree of court;

*North Hills,* 555 Pa. at 56, 722 A.2d at 1039. As we have noted:

> While not included in the definition of public record in the Right–to–Know Act, we have interpreted the definition of "minute, order or decision" to include documents that are considered essential to the agency's decision. To be considered as embodying an essential component of an agency decision, the decision must have been contingent on the information contained in the document and could not have been made without it.
>
> * * *
>
> Just because a document may have an effect on or influence an agency decision, it does not make it an "essential component" of that decision.

*Nittany Printing & Publishing Co. v. Centre County,* 156 Pa.Cmwlth. 404, 408–11, 627 A.2d 301, 303–04 (1993). Rather, the document must be a prerequisite to the decision. *Id. See also LaValle v. Office of General Counsel,* 737 A.2d 330, 332–33 (Pa. Cmwlth.1999), *petition for allowance of appeal granted,* —— Pa. ——, —— A.2d —— (No. 947 M.D. Alloc. Dkt.1999, filed Feb. 18, 2000).

 Preliminarily, however, a person requesting inspection of a public record bears the burden of proof and must identify the type of information being sought with some specificity. *Nanayakkara v. Casella,* 681 A.2d 857, 859–60 (Pa.Cmwlth. 1996). Where the request is not sufficiently specific, the agency has no obligation to comply with the request because the lack of specificity prevents the agency from determining whether to grant or deny the request. *Id.* at 860. Further, a lack of specificity in the request makes it difficult, if not impossible, for this court to conduct meaningful review of the agency's decision. *Id. Accord Arduino v. Borough of Dunmore,* 720 A.2d 827 (Pa.Cmwlth.1998); *Hunt v. Department of Corrections,* 698 A.2d 147 (Pa.Cmwlth.1997). With this background in mind, we turn to the particular requests at issue here.

 First, while ABC contends that all requested documents are public records within the meaning of the Act, several of the individual requests are insufficient to allow this court to conduct meaningful review of this issue. Specifically, requests Nos. 7, 8, and 12 employ phraseology akin to document requests under the civil discovery rules, *i.e.,* "any and all documents relating to [subject matter.]" Such requests fail to provide sufficient facts to determine what type of record is being requested and whether, on review, any part of the request constitutes a public record requiring disclosure. *Nanayakkara,* 681 A.2d at 859–60. Therefore, the

Department's decision to deny ABC's requests Nos. 7, 8, and 12 is affirmed.[4]

 Next, we turn to ABC's requests Nos. 2 and 9 in the January 19 letter. No. 2 requested the Department Request for Proposals for the CMCIP program. The March 17 letter expanded this request to include "[A]ll of the information which formed the basis of the decision by DGS to select the CMCIP, including, but not limited to, analysis of the cost, coverage, loss control and service advantages of the CMCIP versus traditional contractor-supplied coverage." Request No. 9 sought "All documents relating to DGS's or the Construction Manager's analysis of the savings and/or estimation of costs involved in selecting the CMCIP as opposed to alternative methods/types of insurance for the Project." ABC contends that these documents are public records because they formed the basis of the Department's decision to implement the Construction Manager Insurance Program over traditional contractor-supplied insurance and to select the CMCIP. However, while it may be true that such analyses were conducted, these comparisons were not a condition precedent of their decision. Therefore, the Department's decision to deny disclosure of requests Nos. 2 and 9 is affirmed.

 Next, we turn to ABC's request for the agreement between the construction manager (CRSS) and the successful bidder for the Construction Management Insurance Program. The Department denied this request arguing that the Department is not a party to the agreement between the construction manager and the insurance broker. Clearly, if the Department had contracted directly with the insurance broker there would be no question that the contract is a public document. *Morning Call*, 627 A.2d at 299. Further, the Act does not permit an agency, namely the Department, to avoid its obligation to disclose documents by contracting indirectly

through a third party. *Id* at 300–01. Accordingly, the agreement is a public record to which ABC is entitled, and the Department's decision to deny disclosure of request No. 4 is reversed.

 Finally, we turn to ABC's request for all policies of insurance, including addenda, issued to the Department for the Keystone Project. The Department denied this request claiming that no insurance policies were issued to the Department. However, the Department is a named insured on all the construction contract insurance policies at issue and has contracted with CRSS to provide funding for the necessary premiums. Because the purchase of insurance constitutes the disbursement of funds by an agency, any construction contract insurance policies for the Keystone Project are public records. Accordingly, the Department must disclose all such policies and addenda in their possession, whether originals or photocopies.

### ORDER

AND NOW, this 7th day of March, 2000, the order of the Department of General Services in the above-captioned matter is hereby affirmed in part and reversed in part, in accordance with the foregoing opinion.

---

4. This decision does not serve to preclude ABC from making another, more specific request under the Act. *Hunt v. Department of Corrections,* 698 A.2d 147 (Pa.Cmwlth.1997).