**Robert A. CICCHINELLI, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 25, 2000.

Decided Oct. 13, 2000.

Robert A. Cicchinelli, petitioner, pro se.

Susan M. Zeamer, Harrisburg, for respondent.

BEFORE: COLINS, Judge, PELLEGRINI, Judge, McCLOSKEY, Senior Judge.

COLINS, Judge.

Robert A. Cicchinelli (petitioner) petitions for review of the denial by the Pennsylvania Board of Probation and Parole (Board) of his request for information under the act commonly referred to as the Right–to–Know Act[1] for victim impact statements that relate to Cicchinelli's imprisonment. The Board responded by way of an application for summary relief[2] seeking dismissal of the petition by asserting that pursuant to Section 22.1 of the law commonly referred to as the Parole Act,[3] 61 P.S. § 331.22a, the information sought was confidential. For the reasons set forth below, the application for summary relief is granted; the motion for stay is dismissed as moot. This is a case of first impression.

■ Robert Cicchinelli is currently serving a four to ten year period of incarceration as a result of his 1992 and 1993 convictions for indecent assault and corruption of minors in connection with the sexual assaults of two teenage boys. Cicchinelli has a maximum sentence date of March 2, 2005; he has been denied parole on numerous occasions. Beginning in January 1999 and on three subsequent occasions, Cicchinelli requested that the Board provide him with copies of victim impact statements in its possession, and upon which the Board relied in making its decision not to grant him parole. Cicchinelli claimed he was entitled to the information under Section 331.22.1 of the Parole Act, 61 P.S. § 331.22a. The Board denied the requests asserting the items sought were deemed confidential, and thus, pursuant to 61 P.S. § 331.22a not available, and not accessible under Section 1(2) of the Right–to–Know Act, 65 P.S. § 66.1(2). Cicchinelli filed a petition for writ of mandamus, which this Court has treated as an appeal of a denial of a request to inspect records under the Right–to–Know Act.[4]

Section 1(2) of the Right–to–Know Act, 65 P.S. § 66.1(2), provides that a state agency is not obligated to make available public records to which access or publication is prohibited, restricted, or forbidden by law or that would impair a person's reputation or personal security.

Section 331.22.1 of the Parole Act states in pertinent part:

Any and all statements or testimony of the victim or family member submitted to the board pertaining to the continuing nature and extent of any physical harm or psychological or emotional harm or trauma suffered by the victim,

---

1. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

2. Pursuant to Pa. R.A.P. 1532(b) an application for summary relief may be filed at any time after the filing of a petition for review in an appellate or original jurisdiction matter.

3. Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of October 9, 1986, P.L. 1424.

4. Our scope of review of a decision under the Right–to–Know Act is limited to a determination of whether the grant or denial of an appellant's request for information was for just and proper cause. *Nanayakkara v. Casella*, 681 A.2d 857, 859 n. 4 (Pa.Cmwlth.1996).

the extent of any loss of earnings or ability to work suffered by the victim and the continuing effect of the crime upon the victim's family shall not be deemed confidential and shall be released to the prisoner unless the withholding of the statements or testimony is requested by the victim and the hearing officer determines that the release of the statements or testimony would endanger the safety of the person providing the statements or testifying. The board on its own motion may for good cause identify all or part of the statements or testimony as confidential.

61 P.S. § 331.22a.

■ Cicchinelli avers that Section 331.22.1 of the Parole Act, 61 P.S. § 331.22a, permits him access to victim impact statements, with restrictions limited to personal information such as the address and telephone number of the victim/witness. We cannot agree with Cicchinelli's reading of the statute, since it contains contrary language.

■ While it is true that Section 331.22.1 of the Parole Act, 61 P.S. § 331.22a, by its terms, states that the written statements of crime victims or family members shall not be deemed confidential and shall be released to the prisoner, it is equally true that those statements may be cloaked in confidentiality at the request of the victim and a determination that safety so requires, and/or, at the discretion of the Board. Here, because no record has been certified to this Court, we cannot review whether the Board's hearing examiner considered the issue of the confidentiality of purported victim impact statements. However, that does not impair our decision making, since the Board, acting within the scope of authority set forth in Section 22.1 of the Parole Act, 61 P.S. § 331.22a, *sua sponte* deemed confidential purported victim impact statements that were made in connection with Cicchinelli and that were given to the Board.

In light of the Board's authority to deem victim impact statements confidential and giving consideration to the fact that the victims were juveniles, we believe the release of the information could operate to impair the victim's personal security or reputation. Therefore, we conclude, the Board's denial of the request for information was for just and proper cause. If these statements were made available to the public, they would disclose confidential information that is protected under section 1(2) of the Right–to–Know Act. Thus, the victim impact statements are not public records for the purpose of disclosure pursuant to the Right–to–Know Act.

It appearing that the Board has not abused its discretion in refusing to release purported victim witness statements contained in its files and related to the imprisonment of Petitioner Cicchinelli, the Board's application for summary relief is granted; the motion for stay is dismissed as moot.

## *O R D E R*

**AND NOW**, this 13 th day of October 2000, the application for summary relief filed on behalf of the Pennsylvania Board of Probation and Parole is **GRANTED**; Robert Cicchinelli's petition for mandamus is DISMISSED with PREJUDICE; the Pennsylvania Board of Probation and Parole's application for stay is DISMISSED as MOOT.