**Jermaine PALMER, Petitioner**

v.

**PENNSYLVANIA STATE POLICE,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 2007.

Decided July 12, 2007.

---

**1166**

Jermaine Palmer, appellant, pro se.

R.H. Hawn, Jr., Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge, LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

Jermaine Palmer (Palmer), *pro se*, petitions the Court for its review of the November 20, 2006 order entered by the Pennsylvania State Police (PSP) denying Palmer's request under the statute commonly known as the Right–to–Know Law (RTKL)[1] for a copy of a criminal laboratory user fee statement. The questions involved are whether the PSP's denial of Palmer's request was unjust and improper when he specifically identified the type of document sought and whether the PSP may evade disclosure by showing lack of actual possession.

Palmer is currently serving prison terms for two homicide convictions, one in Philadelphia County and one in Allegheny County. The record reveals that he was convicted in Allegheny County of third degree murder on June 1, 1994, and he is an inmate at the State Correctional Institution at Somerset. The trial court ordered Palmer to pay a criminal laboratory user fee of $902 for services rendered by the PSP's crime laboratory in connection with the prosecution of his Allegheny County murder case, pursuant to 42 Pa.C.S. § 1725.3, *as amended.*[2] By letter of September 22, 2006, Palmer requested from the PSP a copy of the criminal laboratory user fee statement in order to determine the accuracy of the amount charged. He

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.9.

2. 42 Pa.C.S. § 1725.3 provides in pertinent part:

§ 1725.3. **Criminal laboratory user fee**

(a) **Imposition.**—A person ... who is convicted of a crime as defined in 18 Pa.C.S. 106 (relating to classes of offenses) ... shall, in addition to any fines, penalties or costs, in every case where laboratory services were required to prosecute the crime or violation, be sentenced to pay a criminal laboratory user fee which shall include, but not be limited to, the cost of sending a laboratory technician to court proceedings.

(b) **Amount of user fee.—**

. . . .

(2) Where the prosecution is conducted in a county other than a county of the first class or a county of the second class and a Pennsylvania State Police laboratory has provided services in the prosecution, the director or similar officer of the Pennsylvania State Police laboratory shall determine the actual cost of the laboratory services provided in the prosecution

included his name, social security number and official tracking number of the case in which the laboratory service was rendered.

By letter dated October 12, 2006, the PSP, through its RTKL Official, denied Palmer's request stating that the records he requested do not exist or are not in possession of the agency and that no obligation existed to create such records. *See* Section 2(e) of the RTKL, 65 P.S. § 66.2(e). The PSP also denied Palmer's request because the records are subject to an exception to the definition of public record, namely the investigative exception stated in Section 1, 65 P.S. § 66.1.

■ The PSP's final order affirming the denial was entered by the RTKL Exceptions Official (Exceptions Official) on November 20, 2006.[3] In contrast to the RTKL Official's finding, the Exceptions Official concluded that the requested statement was indeed a "public record" pursuant to Section 1 of the RTKL,[4] but that the RTKL does not impose any obligation on the agency to retain records. Therefore, the denial was proper because, due to the significant passage of time since Palmer's conviction and sentence, the PSP has been unable to locate a copy of the statement or even to determine if one still exists after making every reasonable effort to locate a

copy. The Exceptions Official found that the PSP cannot determine if it still has a copy without knowing the PSP's laboratory report number[5] and stated that if Palmer can provide the relevant laboratory report number the PSP will make an additional search for the requested document.

■ Palmer argues that he provided sufficient information in his written request for the PSP to determine the type of document that he requested and that requiring him to provide the laboratory report number was improper. The RTKL requires disclosure of a broad range of public records. Section 2(a) of the RTKL, 65 P.S. § 66.2(a), provides that "a public record shall be accessible for inspection and duplication by a requester in accordance with this act. A public record shall be provided to a requester in the medium requested if the public record exists in that medium; otherwise, it shall be provided in the medium in which it exists." Further, a written request "should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested...." Section 2(c), 65 P.S. § 66.2(c).

Palmer relies on *Nanayakkara v. Casella,* 681 A.2d 857 (Pa.Cmwlth.1996), in

and transmit a statement for services rendered to the court.

3. The Court's review in a RTKL case is to determine whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Parsons v. Urban Redevelopment Authority of Pittsburgh,* 893 A.2d 164 (Pa.Cmwlth.2006), *appeal denied,* 591 Pa. 668, 916 A.2d 635 (2007).

4. Section 1 defines "public record" as follows:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials,

equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons....

5. This report number was not provided by Palmer in his written request, and he represents to the Court that he is unaware of the number. While the Exceptions Official does not describe why the laboratory report number would assist in determining whether the PSP has retained a copy of the user fee statement, it appears that the report number would enable the PSP to determine if the statement is still in its possession because the document is more than ten years old and apparently, due to its age, cannot easily be found.

which the Court held that one who makes a request to access a public record has an obligation to identify with some specificity the type of information that is being sought and that the information must fall within the definition of a public record. In *Nanayakkara* the appellant was a prisoner who submitted a written request to examine his inmate records. In his appeal from the trial court's order this Court concluded that certain inmate records are not public records and that the appellant's request for inmate records was not sufficiently specific to determine whether to grant or to deny the request. Because the appellant provided no specific information, the Court held that the request was properly denied.

Palmer's reliance upon *Nanayakkara* is misplaced. He appears to contend that he provided sufficient information in his written request for the PSP to determine the type of document that he requested. The PSP is well aware that he requested a copy of the user fee statement and that this information constitutes a public record pursuant to the RTKL. Rather, Palmer's request was denied because the PSP was unable to locate the record or even to find whether it still retained the record, which is more than twelve years old.[6] In addition, the Exceptions Official found that the PSP would be able to determine whether it still had a copy of the statement if it knew the laboratory report number.

The Exceptions Official found that in an effort to locate the laboratory report number the PSP requested it from the police department that investigated the Allegheny County murder case. Subsequently, the PSP requested the number from the Allegheny County crime laboratory, which also was unable to find it. The PSP then requested a copy of the user fee statement from the Court of Common Pleas of Allegheny County and was informed that the County purges such documents after ten years. Finally, the PSP requested that the Allegheny County District Attorney's Office search for the user fee statement and/or the laboratory report number, but that office could not locate it. If known, the report number offered the means for determining whether the PSP still possessed the user fee statement. Therefore, the Court finds no merit to Palmer's argument.

■ Palmer further contends that the PSP "has constructive possession or control over the [user fee statement] in that it may authorize those in possession to produce it." Palmer's brief at 9. He relies, in part, on the decision in *Carbondale Township v. Murray*, 64 Pa.Cmwlth. 465, 440 A.2d 1273 (1982). In Carbondale a newspaper reporter requested that the Township make available to him the Township's cancelled checks involving the Road Account and Payroll Account. The Court affirmed the trial court's order directing that the Township authorize its bank to make copies of the checks available to the reporter. The Court stated that to conclude otherwise "would be permitting any governmental body to escape public scrutiny of its records by simply alleging that it no longer has possession of its public records." *Id.* at 1275. Contrary to the facts in Carbondale, the record in this matter reveals no evidence that the PSP is attempting to escape public scrutiny of the requested record. Indeed, as discussed above, in an attempt to locate the requested document, the PSP requested that other agencies search for the user fee state-

---

6. In its brief to the Court, the PSP states that its Record Retention and Disposition Schedules limit laboratory records to a ten-year retention period and that all user fee statements prepared before 1996 have been purged and destroyed.

ment or the laboratory report number to no avail.

Likewise, Palmer erroneously relies on *Tribune–Review Publ'g Co. v. Westmoreland County Housing Authority,* 574 Pa. 661, 833 A.2d 112 (2003), in which a housing authority refused to provide a newspaper owner with access to a confidential settlement agreement between a former employee and the authority's liability insurer in a civil rights action. The authority asserted that it did not possess the document but that the attorney for its insurer possessed it. The Court held that "lack of possession of an existing writing by the public entity at the time of a request pursuant to the [RTKL] is not, by itself, determinative of ... whether the writing is a 'public record' subject to disclosure. A writing is within the ambit of the [RTKL] if it is subject to the control of the agency." *Id.* at 118. Unlike the facts in *Tribune–Review,* the user fee statement requested by Palmer is not known to be in the possession of any agency. Therefore, it is not within the PSP's control, and it follows that *Tribune–Review* does not require a contrary decision.

Palmer cites no law that requires an agency to provide a public record that neither it nor any other agency possesses or can determine if it possesses. Indeed, the RTKL does not require an agency to create a public record that does not currently exist. It states that "[w]hen responding to a request for access, an agency shall not be required to create a public record which does not currently exist...." Section 2(e) of the RTKL. *See Rowland v. Public School Employees' Retirement System,* 885 A.2d 621 (Pa.Cmwlth.2005) (stating that it is well established that an agency is not required to create a public record that does not currently exist), *appeal denied,* 587 Pa. 703, 897 A.2d 462 (2006). *See also Bargeron v. Department of Labor and Industry, Unemployment Compensation Board of Review,* 720 A.2d 500 (Pa. Cmwlth.1998) (holding that board's refusal to provide requested record was just and proper because the record did not exist). Additionally, the RTKL imposes no obligation upon an agency to retain records. *See* Section 2(g), 65 P.S. § 66.2(g) (stating that nothing in the RTKL is intended to modify or supersede any record retention policy or disposition schedule established pursuant to law). Accordingly, the Court affirms the PSP's order denying Palmer's request pursuant to the RTKL.

### *ORDER*

AND NOW, this 12th day of July 2007, the order of the Pennsylvania State Police is hereby affirmed.