Carbondale Township, Louis Rogari, Joseph Cavage and Joseph Brown, Appellants *v.* Leo A. Murray and The Scranton Times, Appellees.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Thomas P. Kennedy,* with him *Francis J. Wormuth, Kennedy, Hodin, Wormuth,* for appellants.

*James J. Haggerty,* with him *Joseph J. O'Brien, Jr.,* for appellees.

OPINION BY JUDGE MENCER, February 8, 1982:

Leo Murray, a reporter for The Scranton Times, a daily newspaper of general circulation, requested certain officials of Carbondale Township to make available to him for inspection and copying the Township's cancelled checks on the Road Account and Payroll Account and the disbursements for the years 1977, 1978, 1979, and 1980.

On July 23, 1980, after repeated requests were denied, Mr. Murray and the newspaper (petitioners) filed a petition in the Court of Common Pleas of Lackawanna County asserting their right to the in-

formation sought on the basis that cancelled checks and disbursement records[1] are public records as defined in Section 1(2) of the so-called Right-to-Know Law (Act), Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §66.1(2):

(2) 'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting

---

[1] Before the matter came before the lower court for hearing and disposition, the Township agreed that the requested disbursement records were public records and allowed the petitioners to examine them.

therefrom however the record of any conviction for any criminal act.

The Act provides that every public record shall be open for examination and inspection. The cancelled checks here are, without question, accounts dealing with the disbursement of funds, a category of document within the Act's definition of public records. *See Moak v. Philadelphia Newspapers, Inc.,* 18 Pa. Commonwealth Ct. 599, 336 A.2d 920 (1975).

Without attempting to exhaust all of the acceptable definitions of the word ''account,'' we deem it sufficient for deciding the instant case to define ''account'' as a record of business dealings between parties. A cancelled check can be fairly considered a form of record of business dealings between parties and, therefore, within the Act's definitional term ''public records,'' as an account.[2]

It is important to note that the petitioners' right to inspect public records is not questioned by the Township. Also, it is not contended by the Township that the cancelled checks sought here come within any of the exempted classifications set forth in the Act's definition of ''public record.''

Having concluded that the lower court was correct in determining that cancelled checks are public records under the Act, the only remaining consideration is whether the lower court erred in ordering that, in the event the ''cancelled checks or copies of them are not in the possession of the defendants, then the defendants are directed to authorize the persons or institutions in possession of the same to make them available to the plaintiffs for inspection.''

---

[2] In addition, we would have no difficulty in reaching a conclusion that a cancelled check is encompassed within the Act's definitional term ''public record'' as a voucher. A voucher can be described as a documentary record of a business transaction.

The Township argues that the effect of such an order is. to order the bank utilized by the Township to produce the bank's business records. To the contrary, the lower court has only ordered the Township and its officials to authorize the bank to make copies of the checks in question available to the petitioners. While the Township may not have actual possession of its cancelled checks, it has control over their production in that it can authorize the bank to produce them.[3]

If we would conclude that the lower court was in error in this regard, we would be permitting any governmental body to escape public scrutiny of its records by simply alleging that it no longer has possession of its public records. Courts have the power to grant complete relief and unquestionably may do so when such complete relief would be, as here, in furtherance of the public interest.

Order affirmed.

ORDER

Now, this 8th day of February, 1982, the order of the Court of Common Pleas of Lackawanna County, dated September 23, 1980, directing Carbondale Township and the individual members of its Board of Supervisors (defendants) to make certain cancelled checks

---

[3] The Township's reliance on *Commonwealth v. Barclay*, 47 Del. Co. 203 (C.P. Pa. 1959), is misplaced. In *Barclay*, the petitioner sought to obtain a court order, under the provisions of the Act, directing the Delaware County National Bank to produce records of the deposits and withdrawals made by one of the bank's customers. The *Barclay* court refused the request of the petition on the basis that the records or papers sought were not public records but bank records outside the scope of the Act. Here we have concluded that the cancelled checks in issue are, under the facts of the instant case, public records and within the scope of the Act.

470

available to Leo A. Murray and The Scranton Times (plaintiffs) for inspection and, in the event the said checks or copies of them are not in the possession of the defendants, directing the defendants to authorize the persons or institutions in possession of the cancelled checks to make them available to the plaintiffs for inspection, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.