697 A.2d 239

**DYNAMIC STUDENT SERVICES, Michael D. Lieberman, and Daniel A. Lieberman, Appellants,**

**v.**

**STATE SYSTEM OF HIGHER EDUCATION, Millersville University, and West Chester University, Appellees.**

Supreme Court of Pennsylvania.

Submitted May 6, 1997.

Decided June 17, 1997.

348

John S. Carnes, for Dynamic Student Services, Et Al.

Wayne S. Melnick, Harrisburg, and Todd A. Brownfield, Pittsburgh, for S.S.H.E.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION*

NIGRO, Justice.

Dynamic Student Services, Michael D. Lieberman, and Daniel A. Lieberman ("Appellants") appeal from the order of the Commonwealth Court quashing in part and denying in part the Petition for Review of decisions by the State System of Higher Education ("SSHE"), Millersville University ("Millersville"), and West Chester University ("West Chester"), which denied Appellants' request for information under the Right–To–Know Act, 65 Pa.S. §§ 66.1—66.4 (1959 & Supp.1997) ("Act"). For the reasons presented herein, we affirm.

Appellants purchase used textbooks from the students at Millersville and West Chester, and sell both new and used textbooks as well. In doing so, they operate in competition with Student Services, Inc. ("SSI") and West Chester University Student Services, Inc. ("WCSSI"), two non-profit corporations that operate the campus bookstores at Millersville and West Chester, respectively.

For business reasons, Appellants requested that the universities provide them with two types of information:

a. [r]egistration material for the upcoming semester, including the assignments of professors to particular courses and course sections, the number of sections and the number of students enrolled per section, both preliminarily and as actually enrolled. . . .

b. Approved course material information, being identification of textbooks and other instructional materials approved for use in each course or section thereof.

Commw. Ct. Memorandum Op., dated 5/12/95, at 2.

Registration information at both universities is compiled and maintained by the university itself. Course material information, however, is not collected or retained by either university. *See* Commw. Ct. Memorandum Op., dated 5/12/95, at 3. Instead, this information is solicited from individual faculty members at West Chester and Millersville through the use of textbook order forms produced and furnished by WCSSI and SSI. Neither university is involved in the selec-

tion or ordering of course materials. Professors at each university personally decide which books will be required for the courses they teach; they then complete the order forms accordingly and return them to WCSSI, if at West Chester, or SSI, if at Millersville.

In response to Appellants' request, West Chester sought and obtained an agreement with WCSSI whereby information on course materials would be made available to Appellants by WCSSI once it was received. *See* R.R. at 212a. Also, West Chester agreed to supply the desired registration data, after initially refusing to do so. *See* Commw. Ct. Memorandum Op., dated 5/12/95, at 2. Millersville, on the other hand, provided Appellants with information on registration, but not on course materials. *See id.* at 3.

Appellants then contacted the SSHE seeking review of Millersville's refusal to supply course material information. On April 13, 1995, the SSHE declined to review Millersville's action.

On April 21, 1995, Appellants filed with the Commonwealth Court a Petition for Review addressed to the court's original and appellate jurisdiction. Appellants also filed an application for injunctive relief pursuant to Pa. R.A.P. 1532(a).

On May 12, 1995, after conducting hearings, Senior Judge Morgan of the Commonwealth Court issued an order granting in part and denying in part the requested injunction. West Chester was directed to provide the desired registration data and to continue to supply information on course materials. Millersville was ordered to continue supplying registration information, but was not ordered to provide course material information. After reargument on the injunction order was denied, Appellants appealed to this Court. Allocatur was granted, and oral argument was set for April 29, 1996.

Prior to oral argument, a panel of the Commonwealth Court ruled on the merits of Appellants' Petition for Review. Finding that the exclusive remedy under the Act is a direct appeal to its appellate jurisdiction, the Commonwealth Court quashed that portion of the Petition addressed to its original jurisdic-

tion. Also, given that both universities were supplying registration data, and that West Chester was also providing information on course materials, the court quashed as moot that section of the Petition seeking an order compelling production of that information.

Lastly, the court addressed Appellants' request concerning course material information from Millersville. The court denied the request after concluding that it was not authorized under the Act to order the university to provide access to these records because they did not belong to Millersville and were not in its possession.[1] *See* Commw. Ct. Memorandum Op., dated 2/28/96, at 8.

On April 16, 1996, Appellants filed with this Court a Petition for Allowance of Appeal from the decision of the Commonwealth Court panel.[2] We granted allocatur to address the two issues central to Appellants' Petition: 1) whether the Commonwealth Court erred in denying Appellants' request under the Act for access to official course material information at Millersville, and 2) whether the Commonwealth Court erred in quashing as moot Appellants' request for registration data and course material information from West Chester.

■ Our review under the Act is limited to a determination whether the agency's denial of the request for information was for just and proper cause. *See* 65 Pa.S. § 66.4 (Supp.1997); *Nittany Printing and Publishing Co., Inc. v. Centre County Bd. of Comm'rs,* 156 Pa.Commw. 404, 408 n. 4, 627 A.2d 301, 303 n. 4 (1993).

1. Senior Judge Rodgers dissented without opinion.

2. On April 8, 1996, pursuant to Pa. R.A.P.1972(4), Appellees filed a Motion to Dismiss for Mootness the appeal from Senior Judge Morgan's partial denial of injunctive relief. This Court deferred its disposition of that Motion until after oral argument was heard on April 29, 1996. After hearing the arguments of both parties, we concluded that the Commonwealth Court's ruling on the merits of the case rendered moot the appeal from the injunction order. Appellees' Motion to Dismiss for Mootness was therefore granted on January 15, 1997, and Appellants' appeal, at No. 98 M.D. Appeal Docket 1996, J–84–1996, was dismissed. *See Rogers v. Lewis,* 540 Pa. 299, 656 A.2d 1368 (1995) (this Court will not decide moot questions); Pa. R.A.P.1972(4).

■ We note initially that Millersville is clearly a state agency as that term is defined by the Act.[3] *See, e.g.,* 24 Pa.S. § 20–2002–A (1992) (establishing the State System of Higher Education and listing its constituent institutions); *see also Williams v. West Chester State College,* 29 Pa.Commw. 240, 370 A.2d 774 (1977) (West Chester is a state agency owned and operated by the Commonwealth). Further, it was averred in Appellants' Petition for Review filed with the Commonwealth Court, and admitted in the Answer, that Millersville is such an agency. *See* R.R. 15a, 56a.

■ However, although the Act states that "[e]very public record of an agency shall ... be open for examination and inspection," 65 Pa.S. § 66.2 (1959), it is apparent that the information Appellants are asking Millersville to produce is not part of the university's records. As found by Senior Judge Morgan, Millersville has no part in the ordering or selling of textbooks. The university neither solicits, compiles, nor retains information on course materials. *See* Commw. Ct. Memorandum Op., dated 5/12/95, at 3. Rather, this information is gathered and held by SSI, a non-profit organization legally distinct from the university itself. *See id.* at 2, 3. Thus, Appellants' request that Millersville be compelled to produce this information must be denied. The Act does not authorize or contemplate a court order directing a state agency to compile and distribute information it did not solicit and does not possess.

■ Appellants argue that SSI and Millersville are in a symbiotic relationship such that the two organizations are effectively one for purposes of disclosure under the Act. We disagree. SSI exists to provide students with services not furnished by the university, including the operation of the

**3.** (1) "Agency." Any department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, or any State or municipal authority or similar organization created by or pursuant to a statute which declares in substance that such organization performs or has for its purpose the performance of an essential government function.
65 Pa.C.S. § 66.1(1) (1959).

bookstore and, *inter alia,* the maintenance of a pizza restaurant and game room. *See* R.R. at 396a. While SSI does receive certain services from the university, this assistance is paid for, either directly or through payment in kind. *See* R.R. at 382a–84a. And, as noted above, SSI is a self-sustaining corporation legally distinct from Millersville. *See* Commw. Ct. Memorandum Op., dated 5/12/95, at 2, 3; R.R. at 388a. In sum, the fact that SSI must work closely with the university in order to carry out its stated purposes does not, in our view, eliminate its status as an independent entity.[4]

■ Thus, having determined that Appellants are not entitled under the Act to a court order compelling production of the course material information, we conclude that Millersville's denial of the request for this information, and the SSHE's denial of review, were for just and proper cause. *See* 65 Pa.S. § 66.4 (Supp.1997); *Nittany,* 156 Pa.Commw. at 408 n. 4, 627 A.2d at 303 n. 4.

We now turn to Appellants' claim that the Commonwealth Court erred in quashing as moot their request for registration data and course material information from West Chester.

■ The record in this case indicates that West Chester has agreed to supply Appellants with the registration data, and that WCSSI has agreed to make available the information

4. Appellants argue that the Commonwealth Court's decision in *Carbondale Township v. Murray,* 64 Pa.Commw. 465, 440 A.2d 1273 (1982) involved a similar situation and should therefore inform the instant analysis. In the *Carbondale* case, Carbondale Township asserted that it could not be compelled under the Act to provide access to its cancelled checks because they were retained by the bank and were not in the Township's possession. The Commonwealth Court rejected this suggestion, stating that the Township had control over access to the cancelled checks in that it could authorize the bank to produce them. *See Carbondale,* 64 Pa.Commw. at 469, 440 A.2d at 1275.

We find *Carbondale* distinguishable from the case *sub judice.* The course material records that Appellants seek herein differ importantly from the cancelled checks in *Carbondale.* In that case, disclosure under the Act was compelled because the records of a state agency, although in the possession of a second entity, were still subject to the agency's control. In contrast, in the instant case the records at issue are not Millersville's, they are SSI's. Thus, SSI is not in possession of the records of a state agency, and *Carbondale* is inapplicable herein.

on course material. *See* Commw. Ct. Memorandum Op., dated 5/12/95, at 2; R.R. at 212a. Also, it is clear that no appeal will lie under the Act until there has been a denial of access to public records. *See* 65 Pa.S. § 66.4 (Supp.1997); *Statewide Building Maintenance, Inc. v. Pennsylvania Convention Center Authority,* 160 Pa.Commw. 544, 555 n. 12, 635 A.2d 691, 697 n. 12 (1993). Given this, we conclude that the Commonwealth did not err in quashing Appellants' claims with respect to this information.

For the foregoing reasons, the order of the Commonwealth Court quashing in part and denying in part Appellants' Petition for Review is hereby affirmed.