Esty **ARDUINO**, Appellant,

v.

**BOROUGH OF DUNMORE.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1998.

Decided Nov. 19, 1998.

---

Christopher P. Cullen, Dunmore, for appellant.

Robert C. Cordaro, Dunmore, for appellee.

Before COLINS, President Judge, and LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Esty Arduino (Arduino), the tax collector and the president of the Dunmore Taxpayers Association, appeals from an order of the Court of Common Pleas of Lackawanna County denying his appeal filed under Section 4 of the Act of June 21, 1957, P.L. 390, *as amended,* known as the Right–to–Know Act (Act), 65 P.S. § 66.4. The issue raised on appeal is whether the Borough of Dunmore (Borough) had just and proper cause for its refusal to (1) disclose legal opinions of the Borough solicitor, bond counsel and other attorneys and (2) instruct the private business entities to produce "all records" in their possession related to the public projects financed by the general obligation note and bond issued by the Borough.

In 1992, the Borough issued a $1.9 million general obligation note to finance public projects for improving its parks, streets and storm water system. Subsequently in 1994, the Borough issued a $1.5 million general obligation bond to refinance the 1992 note. On June 30 and August 11, 1997, Arduino sent letters to the Borough, requesting that the Borough make available for his inspection and copying (1) "all records in its possession" regarding any expenditure made during 1992–1994 for paving and sewer projects, including the expenditure incurred in improving the storm and sanitary sewer system in the privately owned Naphin Hill residential development; (2) any written legal memoranda, letters, correspondence, opinions of the Borough solicitor, bond counsel, outside counsel and the owners of the Naphin Hill residential development regarding the legality of the use of the proceeds from the 1992 note and the 1994 bond for improving the infrastructure in the privately owned residential development; and (3) minutes of the Borough Council's public meeting, and motions and resolutions considered and passed by the Borough Council regarding the 1992 note and the 1994 bond and the use of their proceeds for the public projects.

Arduino also requested that the Borough instruct five contractors who worked on the public projects and the First National Community Bank, the repository bank for the project funds, to either deliver to the Borough or make available at their offices, for public inspection and copying, "all records, checks, contracts, invoices, surveys, drawings, lists, estimates, assessments, receipts and correspondence" related to the projects.

Pursuant to the request, the Borough gave Arduino copies of all the records in its possession related to the issuance of the note and bond and the disbursement of the public project funds, except the legal opinions of the Borough solicitor, bond counsel and other attorneys. The Borough also refused Arduino's request to instruct the private business entities to make all the related records in their possession available for his inspection. Arduino then appealed to the trial court, asserting that the Borough failed to comply with his request for disclosure.

Before the trial court, Arduino agreed that the Borough had already produced all the requested records in its possession, except the legal opinions of the attorneys. The trial court concluded that the legal opinions are merely advice and therefore do not constitute public records under the Act. The trial court further concluded that the records in the possession of the bank and the other private business entities cannot be considered public records because they were not generated by the Borough. The trial court accordingly denied Arduino's appeal.

Section 2 of the Act, 65 P.S. § 66.2, provides that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." The Act defines a "public record" as (1) "[a]ny account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property"; and (2) "any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons." Section 1(2) of the Act, 65 P.S. § 66.1(2).

▮    The purpose of the Act is to assure the availability of government information to citizens of this Commonwealth by permitting their access to official information. *Tribune–Review Publishing Co. v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa. Cmwlth.1995), *appeal denied,* 546 Pa. 688, 686 A.2d 1315 (1996). Consequently, the definition of a public record must be liberally construed so as not to unduly restrict the public access to information granted by the Act. *Weaver v. Department of Corrections,* 702 A.2d 370 (Pa.Cmwlth.1997), *appeal denied,* —— Pa. ——, 717 A.2d 536 (1998). If a document meets the general definition of a public record, an agency must give access to the document, unless it falls within one of the enumerated exceptions set forth in Section 1(2) of the Act, which are inapplicable to this

matter. *Times Publishing Co. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (Pa.Cmwlth. 1993), *appeal denied,* 538 Pa. 618, 645 A.2d 1321 (1994).

Arduino first contends that the legal opinions of the Borough solicitor, bond counsel and other attorneys are public records because they were essential to the Borough's issuance of the note and bond and subsequent use of the proceeds, and that the Borough is therefore required to disclose those documents under the Act.[1]

▮    Clearly, a legal opinion is not "any account, voucher or contract" under the definition of a public record set forth in Section 1(2) of the Act. Therefore, they must be considered "a minute, order or decision" of the agency to constitute a public record. To establish that a document is a minute, order or decision, the person asserting a right to disclosure of information must demonstrate, *inter alia,* that the information was generated by an agency and was an essential component of the agency's decision. *Pennsylvania Coal Ass'n v. Environmental Hearing Board,* 654 A.2d 122 (Pa.Cmwlth.1995).

▮    The information is considered an essential component of the agency's decision, if the agency could not have made the decision without such information. *Nittany Printing & Publishing Co. v. Centre County Board of Commissioners,* 156 Pa.Cmwlth. 404, 627 A.2d 301 (Pa.Cmwlth.1993). While the definition of a public record under the Act must be given a liberal construction, a mere allegation that the information may possibly have some impact on the agency's decision is not sufficient to establish that the information is an essential component of the agency's decision. *Vartan v. Department of General Services,* 121 Pa.Cmwlth. 470, 550 A.2d 1375 (Pa.Cmwlth.1988).

▮    In this matter, the Borough solicitor, bond counsel and other attorneys rendered their opinions for the purpose of assisting the Borough in making its decision to issue the note and bond to finance the public projects.

---

1. This Court's scope of review is limited to determining whether the agency's decision to grant or deny the request for information was for just and proper cause. 65 P.S. § 66.4; *Philadelphia*

*Newspapers, Inc. v. Haverford Township,* 686 A.2d 56 (Pa.Cmwlth.1996), *appeal dismissed,* 550 Pa. 343, 705 A.2d 1301 (1998).

Such legal opinions of attorneys are merely advice, not a prerequisite or an essential component of any decision reached by the agency, even if the agency may have actually relied on them in reaching its decisions. *Nittany Printing.* Therefore, the legal opinions do not fall within the definition of public records under the Act, and the Borough is not required to disclose such information.

Arduino next contends that the Borough failed to comply with the Act by refusing to instruct the bank and the other private business entities to produce "all records" in their possession related to the public projects financed by the proceeds from the note and bond.

■ Under Section 1(2) of the Act, any records related to "disbursement of funds by an agency" in the possession of the agency are public records. *See Sapp Roofing Co. v. Sheet Metal Workers' International Ass'n, Local Union No. 12,* 552 Pa. 105, 713 A.2d 627 (1998) (the private contractors' payroll records in possession of the agency are public records and therefore must be disclosed for public inspection). Arduino acknowledges, however, that the Borough produced copies of all the requested documents in its possession related to the disbursement of the project funds, except the legal opinions of the attorneys.

■ Generally, the agency does not have an obligation to order the private entities to disclose a record in their possession because the record, to be made available for inspection, must constitute not only a "public record" but also a "record of an agency." Section 2 of the Act; *Sapp.* Section 3 of the Act, 65 P.S. §66.3, provides in pertinent part that "[a]ny citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records and to make photographs or photostats of the same *while such records are in the custody and control of the lawful custodian thereof or his authorized deputy.*" (Emphasis added.) *See also Travaglia v. Department of Corrections,* 699 A.2d 1317 (Pa.Cmwlth.1997), *appeal denied,* 550 Pa. 713, 705 A.2d 1313 (1997) (the Department had no obligation to produce photographs not in its possession,

even if they may be considered public records under the Act).

To support his contention, Arduino relies on *Carbondale Township v. Murray,* 64 Pa. Cmwlth. 465, 440 A.2d 1273 (Pa.Cmwlth. 1982). In *Murray,* this Court affirmed the trial court's order which directed the township to authorize the bank to give the appellees copies of the cancelled checks for disbursement of the funds on its road and payroll accounts, in the event that the township did not have them in its possession.

The facts in *Murray* are clearly distinguishable, and the holding in that case is therefore inapplicable to this matter. In *Murray,* the appellees specifically identified the documents they desired to obtain from the bank, i.e., the cancelled checks. Unlike *Murray,* Arduino in this matter failed to specifically identify the information he desires to obtain from the private business entities, which are public records but not in the possession of the Borough. Instead, he demanded that the Borough should instruct them to make available "all records" related to the disbursement of the funds for the public projects, while admitting that the Borough had already disclosed all the records related to the same matters in its possession.

■ Under the Act, a person requesting inspection of a public record must identify with some specificity the type of information being sought. *Nanayakkara v. Casella,* 681 A.2d 857 (Pa.Cmwlth.1996). Where, as here, the request for information is not sufficiently specific, the agency has no obligation to comply with the request because such lack of specificity prevents the agency from determining whether to grant or deny the request. *Id.* Further, the lack of specificity in the request makes it difficult, if not impossible, for this Court to conduct meaningful review of the agency's decision, as illustrated in this matter. *Id.* Consequently, the Borough was not required to comply with Arduino's request for disclosure of the information in the possession of the private business entities.

Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, this 19th day of November, 1998, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.