Corey BERMAN, Petitioner

v.

**PENNSYLVANIA CONVENTION
CENTER AUTHORITY,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 2, 2006.
Decided June 27, 2006.

George Bochetto, Philadelphia, for petitioner.

Theodore J. Chylack, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEADBETTER, Judge and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

Corey Berman (Berman) petitions for review of a final determination of the Pennsylvania Convention Center Authority (Authority) denying his request pursuant to the Act known as the "Right–to–Know Act," Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.9 (Act), for current construction plans for expansion of the Pennsylvania Convention Center (Convention Center). Berman questions whether construction documents and plans that were created at the behest of a public entity, paid for by public funds and are intended for the expansion of a public building are "public records" subject to disclosure under the Act.

Berman's father Myron Berman owns the property at 121 North Broad Street in Philadelphia known as the Odd Fellows Hall, an eleven-story historically significant building adjacent to the Convention Center. The company that employs Berman, Ate Kays Company, leases the property to commercial tenants. Beginning in 1998 the Authority discussed expansion of the Convention Center in a westerly direction, which might engulf the Odd Fellows Hall.

I

On July 21, 2005, Berman made a written request through counsel for: "The most recent plans, construction, and design documents depicting the Pennsylvania Convention Center's westerly expansion to Broad Street in Philadelphia, Pennsylvania, including floor plans for each floor, building sections, and building elevations." Reproduced Record (R.R.) 1a. The Convention Center did not respond, and Berman filed exceptions to this deemed denial. On September 1, 2005, the Authority rendered a detailed written final determination on the exceptions. The Authority first indicated that Berman had not shown that he was a resident of the Commonwealth and so a proper requester pursuant to Section 1 of the Act, 65 P.S. § 66.1, noting that the July 21, 2005 request made no such representation. Second, the Authority stated that Berman's request lacked the specificity required by Section 2(c), 65 P.S. § 66.2(c): "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested...." Next the Authority asserted that Berman had not established that the records sought were within the meaning of "public records" under the Act,

noting that the materials were pending, incipient proposals or plans as to which the Authority had yet to make a decision.

The Authority stated that the documents requested are not "accounts" within the meaning of the Section 1 definition of "public record" and that Berman had not met his burden to show a sufficient connection to fiscally related accounts so that they would constitute an essential component. It responded to Berman's assertion that a managerial audit was to be performed under 64 Pa. C.S. § 6014(b) by stating that such audit to see how the Convention Center was operated before expansion would not involve the expansion in any way. As for the "financial plan" for any expansion or substantial renovation, to be certified to the Governor and certain legislators before release of funds under 64 Pa.C.S. § 6014(e), and the required detailed analysis of the plan by the Pennsylvania Intergovernmental Cooperation Authority, the Authority stated that no such certification had occurred.

Next the Authority contended that the documents did not fall within the meaning of "minute, order or decision" by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person. It stated that Berman could not support assertions of effects on property rights or rentals and that the mere fact that a document may have an effect on or influence an agency decision does not make it an essential component; rather, the decision must be contingent upon the information. Drafting plans and creating a design that may or may not be used in the future is different from a decision fixing rights. Finally, the Authority argued that even if the requested materials initially were deemed to be public records, they would fall under the exception to disclosure in Section 1 of the Act for material that "would operate to the prejudice or impairment of a person's ... personal security[.]" It stated that the nation had been transformed after the September 11th disasters and that disclosure of specific plans and designs of a heavily used public building could place people who work or visit there in danger.[1]

A "public record" is defined in Section 1 of the Act as:

> Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies,

---

1. The parties were directed to brief the issue of whether this Court has appellate jurisdiction over this matter in light of the decision in *James J. Gory Mechanical Contracting, Inc. v. Philadelphia Housing Authority*, 579 Pa. 26, 855 A.2d 669 (2004), where the issue was whether the court of common pleas or this Court had original jurisdiction of an action claiming violation of contract by the Philadelphia Housing Authority (PHA). The Supreme Court held that the PHA should be deemed to be a local agency for jurisdictional purposes. In this case, 64 Pa.C.S. § 6003 defines "Authority" or "Pennsylvania Convention Center Authority" as an "agency and public instrumentality of the Commonwealth," and other provisions refer to the Authority as an instrumentality or agency of the Commonwealth. *See* 64 Pa.C.S. §§ 6004 and 6006(a). The governing board of the Authority is appointed by various officials including the Governor and leaders of the legislature. 64 Pa.C.S. § 6005, *as amended.* Further, in *City of Philadelphia v. Commonwealth*, 575 Pa. 542, 580, 838 A.2d 566, 590 (2003), the Supreme Court stated that "the Convention Center is not a municipal authority, but rather, an instrument of the Commonwealth." The Authority is an agency of the Commonwealth, and appellate jurisdiction in this Court over its denial of access is proper under Section 4(a) of the Act, 65 P.S. § 66.4(a). The Court has conducted its appellate review of cases under the Act as amended in 2002 for whether constitutional rights have been violated, whether an error of law has been committed and whether necessary findings of fact are supported by substantial evidence in the record. *Parsons v. Urban Redevelopment Authority of Pittsburgh*, 893 A.2d 164 (Pa.Cmwlth.2006).

materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons....

Berman notes that the term public record has been construed broadly in furtherance of its purpose of assuring the availability of governmental information to citizens. *Arduino v. Borough of Dunmore,* 720 A.2d 827 (Pa.Cmwlth.1998). Cases have noted that the Act provides for two overall categories of public records: any "account, voucher or contract" dealing with disbursement of funds and any "minute, order or decision" fixing personal or property rights. *See North Hills News Record v. Town of McCandless,* 555 Pa. 51, 722 A.2d 1037 (1999). Berman asserts that the second has been construed as requiring only some form of agency action that has an effect on someone. *Neyhart v. Department of Corrections,* 721 A.2d 391 (Pa. Cmwlth.1998).

On the issue of residency, Berman submits that when he served the complaint in a related mandamus action he included a statement verified pursuant to 18 Pa.C.S. § 4904 (unsworn falsification to authorities) that he was a resident residing at 1933 Spring Garden Street, Philadelphia, PA 19130. As for sufficient specificity, Berman notes that requests were rejected as not meeting this standard in *Arduino,* where the requester sought to have private entities be directed to produce "all records" in their possession relating to certain public projects, and in *Associated Builders & Contractors, Inc. v. Pennsylvania Department of General Services,* 747 A.2d 962 (Pa.Cmwlth.2000), where some portions of a request were phrased in a manner similar to discovery requests, i.e., all documents relating to a particular subject matter. Berman asserts that his request was sufficiently specific because it

was limited by time to the "most recent" documents, by type to "construction, and design documents" and by location to plans "depicting the Convention Center's westerly expansion to Broad Street[.]" R.R. 1a.

On the question of residency, the Authority refers to information from sources outside the record including a LEXIS public document search and a national public document telephone number service as indicating that Berman is not a resident. It requests the Court to take judicial notice pursuant to Pa. R.E. 201(b)(2) of public documents "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

■ Although Pa. R.E. 201(f) now permits a court to take judicial notice at any stage of a proceeding, including the appellate stage, *see Commonwealth v. Tau Kappa Epsilon,* 530 Pa. 416, 609 A.2d 791 (1992), and Comment to Rule 201, Berman argues in his reply brief that it has been held that an Internet site does not have the same inherent accuracy and reliability as do professionally accepted dictionaries or encyclopedias. *Commonwealth v. Brown,* 839 A.2d 433 (Pa.Super.2003). The Court need not resort to judicial notice to decide that Berman has met the minimum requirement of asserting his residency in Pennsylvania.

■ In regard to the requirement of specificity, the Authority refers to *Mooney v. Temple University Board of Trustees,* 448 Pa. 424, 427, n. 8, 292 A.2d 395, 397 (1972), where the Supreme Court quoted the definition of public record and stated that the legislature intended to require that requests for inspection of documents or records be specific and particular, seeking disclosure of named documents or records rather than making broad and unlimited requests for

undefined bodies of documents or records. A request is not sufficiently specific if it fails to provide sufficient facts to determine the type of record being sought and whether, on review, any part of the request constitutes a public record. *See Associated Builders & Contractors.*

■ To the extent that Berman requested "[t]he most recent plans, construction, and design documents" relating to the expansion of the Convention Center, the Court agrees that it is more in the nature of a discovery request than a proper request for public records under the Act. *See Arduino.* Because of the lack of any limitation on this general, discovery-type request it conceivably could reach thousands of documents. Some aspects of the request are more specific, however, in particular the enumeration of "floor plans for each floor, building sections and building elevations" for the proposed expansion, assuming, of course, that such documents exist. To this limited extent the request does provide sufficient facts to determine the type of record that is being requested.

## II

The heart of this case concerns Berman's contention that the requested information is within the meaning of "public records" and the Authority's assertion that it is not. In *North Hills News Record* the Supreme Court pointed out that the "account, voucher or contract" category of records deals generally with fiscal aspects of governance, providing public review of these matters regarding disbursements and receipts by an agency. The court noted that in *Sapp Roofing Co., Inc. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 12,* 552 Pa. 105, 713 A.2d 627 (1998), a plurality held that a private roofing company's payroll records, which had been submitted to the government in con-

nection with performance of public projects, were public records evidencing a disbursement. Implicit in *Sapp Roofing* was the reasoning that the "accounts" category reaches a range of records beyond those that on their face constitute accounts, vouchers or contracts but that the material must bear a sufficient connection to accounts, vouchers and contracts.

■ In *North Hills News Record* citizens sought access to tapes of all telephone calls to a town's emergency center relating to a fatal shooting, which pertained to the "minutes, order or decision" category. The party asserting a right of access to material in this category must establish that it (1) was generated by an agency as defined in the Act; (2) constitutes a minute, order or decision; (3) fixes the personal or property rights of some person or persons; and (4) is not protected by statute, order or decree of court. *Id.* The second and third requirements had been interpreted to include not only actual determinations fixing rights and duties but also materials that form the basis for such determinations and are essential components or otherwise derive from the decision. The Supreme Court stated that this Court had recognized a range of documents that lacked a sufficient nexus, such as copies of responses to a government-sponsored prevailing wage survey, and had observed that " '[a] decision fixing the rights or duties of a person is just not the same as gathering information, notations and evaluations that may or may not be utilized at some future time to fix rights and duties.' " *Id.,* 555 Pa. at 57, 722 A.2d at 1040 (quoting *Aronson v. Pennsylvania Department of Labor and Industry,* 693 A.2d 262, 265 (Pa.Cmwlth.1997)).

In *LaValle v. Office of General Counsel,* 564 Pa. 482, 769 A.2d 449 (2001), certain senators sought access to a report prepared by an accounting firm as a consul-

tant to the Department of Transportation relating to the claims for damages by the company initially contracted to perform automobile emissions testing at centralized locations. The Supreme Court elaborated upon the opinions in *Sapp Roofing* and *North Hills News Record*. It observed that the Act reaches some materials that are not facially accounts, vouchers, contracts, minutes, orders or decisions, but the party seeking to inspect must establish some close connection between a statutory category and the material sought, which derived from rulings of this Court that materials were accessible if they were an "essential component" of minutes, orders or decisions. The Supreme Court held that the requirement of close relation emphasized in *Sapp Roofing* and *North Hills News Record* applied to both categories of records and that such "unitary interpretation" was preferable to a broader interpretation of the minutes, orders or decisions category under certain decisions from this Court. *LaValle*, 564 Pa. at 494 n11, 769 A.2d at 456 n11.

Berman contends that the requested construction documents bear a sufficient connection to fiscally related accounts because they are directly connected to the Authority's statutory duty to prepare a detailed "financial plan" concerning its "expansion or substantial renovation" under 64 Pa.C.S. § 6014(f).[2] He argues that the construction documents, which provide the specifics of the expansion, "bear a sufficient connection" to the fiscally related accounts; further, the financial plan is designated a "public record." Berman maintains that he need not wait until a financial plan is complete. In *Sapp Roofing* the union sought payroll records of a private

contractor to assure compliance with prevailing wage legislation, and the records were submitted by the contractor before disbursement of the final payment. Therefore, Berman concludes, he may have access to records that underlie a future disbursement for which the Authority must account.

In the alternative, Berman argues that the requested documents are an "essential component" of the decision to expand the Convention Center. The Court has stated: "To be considered as embodying an essential component of an agency decision, the decision must have been contingent on the information contained in the document and could not have been made without it." *Nittany Printing & Publ'g Co., Inc. v. Centre County Board of Commissioners*, 156 Pa.Cmwlth. 404, 409, 627 A.2d 301, 303–304 (1993). Berman contends that the Authority announced the decision to expand in 1998 and that decision has had an adverse effect, including a claimed loss of $10,000,000 in rentals by Berman's company.

██ The Authority first responds that the materials sought, i.e., current drafts of possible building plans, are proposals and not public records under the Act. Cases make clear that public records do not include proposals that will be the subject of determinations that have not yet been made. In *Safety, Agriculture, Villages & Environment, Inc. v. Delaware Valley Regional Planning Commission*, 819 A.2d 1235 (Pa.Cmwlth.2003), the Court held that documents including raw data, models, traffic and population projections and studies could not be considered public rec-

---

2. Section 6014(f) provides in part:
   **(f) Financial plan.**—The authority shall submit a proposed financial plan for an expansion or substantial renovation of the convention center to the Governor, the President pro tempore of the Senate, the Speaker of the House of Representatives and the Pennsylvania Intergovernmental Cooperation Authority. The financial plan shall be considered a public record.

ords as essential components of agency decisions until the agencies made the ultimate decisions.

The Supreme Court held in *LaValle*:

Notably, in prescribing the right of access to public records, the General Assembly evinced no expression of intention to subject the internal, deliberative aspects of agency decision making to mandatory public scrutiny.... [T]he General Assembly delineated the subjects of mandatory disclosure by reference to concrete decisional implements, namely, minutes, orders, decisions, accounts, vouchers and contracts.... [W]e decline to infer that by prescribing a right of public access to minutes, orders, decisions, accounts, vouchers and contracts, the General Assembly meant to expose predecisional, internal deliberative aspects of agency decision making to mandatory public scrutiny. Thus, we hold that the definition of public records prescribed in the Right to Know Act, 65 P.S. § 66.1, does not apply to materials or portions thereof which reflect such deliberative aspects.

*LaValle*, 564 Pa. at 496–497, 769 A.2d at 458. Further, in *Tribune–Review Publ'g Co. v. Department of Community and Economic Development*, 580 Pa. 80, 93, 859 A.2d 1261, 1269 (2004), where the courts upheld an agency's refusal of a media request for access to grant applications, the Supreme Court reasoned as follows in regard to communications made before the deliberative process was complete:

[A]ny communication made prior to the completion of deliberation cannot be a contract, account, or voucher dealing with the receipt or disbursement of funds and cannot be a decisional document that would fix the rights, privileges, immunities, duties, or obligations of any of the entities involved.

■ In addition, the Authority argues that the requested documents are not fiscal records and do not bear a sufficient connection to fiscally related accounts. Obviously, proposed construction plans are not within the normal meaning of an account, voucher or contract. Although Berman asserted in his exceptions that any such plans would relate to the managerial audit that is required under 64 Pa. C.S. § 6014, the Authority maintains that the audit is designed to occur prior to any decision on expansion in order to determine how the Convention Center is operated before any expansion is undertaken. A further indication of the nascent nature of the proposed expansion is that the financial plan for any such expansion that is required to be submitted under Section 6014(f) has not yet been submitted.

■ The Authority additionally argues that the requested construction documents are not minutes, orders or decisions of the agency that fix the personal or property rights of anyone or essential components of them. In *North Hills News Record* the Supreme Court called into question cases interpreting the "minute, order or decision" category very expansively. In particular the court characterized the formulation on which Berman relies, of some sort of action by an agency having some effect on someone, as being overbroad. The fact that information may have had some impact on an agency decision does not make it an essential component; a document must be a basis for or a condition precedent of a decision. *Nittany Printing & Publ'g*.

The Court fully agrees with the position of the Authority that the requested materials are not within the meaning of the term public record in Section 1 of the Act because they are pre-decisional in nature. There is no question that the Authority has not yet made a final decision on the

expansion of the Convention Center. The financial plan for any expansion that must be submitted to government officials and agencies for review and analysis under 64 Pa.C.S. § 6014(f) has not been submitted. Before the presentation of a financial plan for a proposed expansion, no construction plan may be regarded as being finally adopted, i.e., no decision has been made. Construction plans that may exist at this time are subject to change. They are in the nature of the pre-decisional proposals, i.e., internal deliberative aspects of agency decision making that the court in *LaValle* held not to be subject to public scrutiny and the type of communication that cannot be an account, voucher or contract or a decisional document fixing rights or obligations of anyone that the court referenced in *Tribune–Review.*

Berman's reliance upon *Sapp Roofing* for a general principle that a requester has a right to examine records that underlie a future disbursement for which an agency must account is entirely misplaced. In *Sapp Roofing* projects had been designed, contracts had been let, work had been performed and wages had been paid, and the requester sought access to the payroll records although the final disbursement by the school district had not been made. The right of access in those circumstances has no application here. Berman's contention that a decision was made as long ago as 1998 to expand the Convention Center does not alter the pre-decisional nature of the documents that he seeks. In the absence of formal steps toward completion, in particular the submission of the required financial plan, documents such as the most recent construction plans reflect only internal deliberations, not decisions.

**3.** In view of the Court's determination that the documents requested do not fall within the definition of "public record" in Section 1 of the Act, the Authority's assertion that they

Therefore, the decision of the Authority is affirmed.[3]

### ORDER

AND NOW, this 27th day of June, 2006, the decision of the Pennsylvania Convention Center Authority denying the request for access to information by Corey Berman is affirmed.

would be protected from disclosure by the personal security exception need not be addressed by the Court.