IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Delaware County Tax Claim Bureau | : | |
| | : | |
| v. | : | |
| | : | |
| Uche Chima O | : | |
| | : | No. 173 C.D. 2023 |
| Appeal of: Matthew Stanisic | : | Submitted: June 4, 2024 |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge (P.)
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                          FILED:  July 16, 2024

Matthew Stanisic (Intervenor) appeals from the Delaware County Common Pleas Court's (trial court) February 2, 2023 order granting Chima O. Uche's[1] (Owner) Petition to Set Aside Upset Tax Sale (Petition).  Intervenor presents one issue for this Court's review: whether the trial court erred by granting the Petition when Owner's admission that his tenant informed him of the Delaware County Tax Claim Bureau's (Bureau) July 21, 2022 sale notice posting, together with the Bureau's September 8, 2022 telephone notice of Owner's tax delinquency and final payment due date, constituted actual notice of the September 22, 2022 upset tax sale (Tax Sale).  After review, this Court affirms.

The parties do not dispute the facts.  Owner was the record owner of a rental property at 425 South Third Street in Darby, Delaware County, Pennsylvania (Property).  Owner resides at 207 Aberdeen Way in Townsend, Delaware (Record

---

[1] Although the Notice of Appeal and, correspondingly, this case's caption and other record documents reflect that Owner's name is Uche Chima O, Owner represented to the trial court that his name is Chima O. Uche.  *See* Reproduced Record at 13a, 15a.

Mailing Address). In April 2021, the Bureau sent Owner notice to his Record Mailing Address by certified mail that he owed outstanding taxes for the Property, and the certified mailing was signed "COVID-19" pursuant to pandemic protocols.[2] Reproduced Record (R.R.) at 24a. On October 30, 2021, the Bureau posted a Notice of Return and Claim at the Property. On July 21, 2022, the Bureau posted a Notice of Tax Sale at the Property. The Bureau advertised the Tax Sale in My Spirit newspaper on August 17, 2022, in the Philadelphia Inquirer on August 18, 2022, and in the Delaware County Journal on August 19, 2022. By September 8, 2022 telephone call, the Bureau notified Owner of the delinquency and he agreed to pay the outstanding taxes due by September 22, 2022. However, Owner did not pay the delinquent taxes on or before September 22, 2022.

On September 22, 2022, the Bureau sold the Property to Intervenor at the Tax Sale for $40,000.00. On October 21, 2022, Owner filed the Petition in the trial court. On December 9, 2022, Intervenor filed a petition to intervene, which the trial court granted. The trial court conducted a hearing on January 31, 2023, at which the Bureau's Upset Sales Coordinator Janine Heinlein (Heinlein) testified and presented documentary proof of the above facts.[3] However, she reported that the Bureau sent the April 2021 notice to Owner's Record Mailing Address at zip code 1973**5**.

---

[2] This Court takes judicial notice that, to reduce health risks during the COVID-19 pandemic, the United States Postal Service temporarily modified its customer signature capture procedures. *See* https://about.usps.com/newsroom/service-alerts/pdf/march-23-safety-of-mail.pdf (last visited July 15, 2024). This Court may take judicial notice of public policies and procedures on official government websites. *See Hill v. Dep't of Corr.*, 64 A.3d 1159 (Pa. Cmwlth. 2023). "[Pennsylvania Rule of Evidence] 201([d]) [] permits a court to take judicial notice at any stage of a proceeding, including the appellate stage[.]" *Berman v. Pa. Convention Ctr. Auth.*, 901 A.2d 1085, 1088 (Pa. Cmwlth. 2006).

[3] The Bureau's billing coordinator, Courtney Swanson (Swanson), documented in the Property's file the Bureau's attempts to reach Owner, and notated her September 8, 2022 discussion with Owner therein. *See* R.R. at 26a-28a, 33a-34a. Although Swanson did not testify, she was available at the hearing to do so. *See* R.R. at 27a.

Owner described that he had been in and out of the hospital, had major surgery, and had been under a doctor's care since 2021, "so [his] affairs lapsed quite a bit." R.R. at 17a. He did not recall receiving the April 2021 notice at his Record Mailing Address and assumed it is because his Record Mailing Address zip code is 19734.[4] Owner admitted that he received the September 8, 2022 telephone call from the Bureau notifying him of the upcoming sale. He claimed that he had every intention of paying the delinquent taxes, but mistakenly heard that the Tax Sale was scheduled for *December* 22, 2022. Owner further acknowledged that his tenants notified him of the posted notice, but could not recall if they told him that before or after the Tax Sale. Owner declared that he had the money to satisfy the Property's delinquent taxes and would pay them if he prevailed on the Petition.[5]

On February 2, 2023, having found Owner's testimony credible, the trial court granted the Petition, ordered Owner to pay all outstanding taxes within five days, and directed the Bureau to reimburse Intervenor.[6] Intervenor appealed to this Court.[7]

---

[4] In his brief, Intervenor represents that a mailing was left with an individual at Owner's Record Mailing Address on July 13, 2022, at zip code 19734. Intervenor attached a copy of the proof of mailing and other supporting documents in the Reproduced Record. *See* R.R. at 35a-e. However, because "none of these facts appear anywhere in the record, . . . they will not be considered on appeal. It is well established that facts outside of the record may not be considered." *In re Powell*, 260 A.3d 298, 310-11 (Pa. Cmwlth. 2021).

[5] At the time of the hearing, Owner owed $5,547.72.

[6] On February 8, 2023, Intervenor (by Respondent Purchaser Guy Leroy) filed a petition for reconsideration, which the trial court did not dispose of because it was awaiting responses from the Bureau and Owner.

[7] "'This [C]ourt's review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion.' *City of Phila. v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016)." *City of Phila. v. Rivera*, 171 A.3d 1, 4 n.7 (Pa. Cmwlth. 2017).

> "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion," but instead requires demonstration that the lower court's decision was

3

On February 27, 2023, the trial court directed Intervenor to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On March 16, 2023, Intervenor timely filed his Rule 1925(b) Statement. On March 22, 2023, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).[8]

Intervenor argues that the trial court erred by granting the Petition where Owner admitted that his tenant informed him of the Bureau's July 21, 2022 posting and that the Bureau apprised him on September 8, 2022, of the impending Tax Sale and, thus, he had actual notice of the Tax Sale.

Initially, "the collection of taxes may not be implemented without due process of law." *Husak v. Fayette Cnty. Tax Claim Bureau*, 61 A.3d 302, 312 (Pa. Cmwlth. 2013). This Court has explained:

> A property owner's right to notice "prior to commencing with an upset tax sale [is] established pursuant to the Due Process Clause of the Fourteenth Amendment to the United States [(U.S.)] Constitution[, U.S. Const. amend. XIV, § 1,] and by the [Real Estate Tax Sale Law (RETSL)]."[9] *Rice v. Compro Distrib[.], Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006). The [U.S.] Supreme Court has held that due process is implicated in any taking of property for the collection of taxes, stating:
>
> > [P]eople must pay their taxes, and the government may hold citizens accountable for tax delinquency by taking their property. But before forcing a

---

"a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support from the evidence or the record so as to be clearly erroneous." *Polett v. Pub[.] Comm[c'ns], Inc.*, . . . 126 A.3d 895, 914 ([Pa.] 2015) (internal quotation marks and alteration designations omitted).

*Bayview Loan Servicing LLC v. Wicker*, 206 A.3d 474, 482 (Pa. 2019).

[8] On August 11, 2023, this Court ordered the Bureau and Owner to file briefs by August 25, 2023. Because they failed to do so, by September 11, 2023 Order, this Court precluded them from doing so.

[9] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

4

> citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking.
>
> *Jones v. Flowers*, 547 U.S. 220 . . . (2006). Due process is satisfied when the [tax claim b]ureau, before commencing with a tax sale, "provide[s] 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent*[.] *Hanover Bank & Tr*[.] *Co.*, 339 U.S. 306 . . . (1950)).

*In re Consol. Reps. & Return by the Tax Claim Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 644 (Pa. Cmwlth. 2016) (*en banc*) (*Appeal of Neff*).

To ensure Pennsylvania property owners are afforded proper due process, the General Assembly enacted Section 602 of the RETSL, 72 P.S. § 5860.602, wherein it specified the forms of notice a tax claim bureau shall provide a property owner before exposing a property to an upset tax sale.[10] Section 602(e)(1) of the RETSL requires a tax claim bureau to provide notice of a tax sale "[a]t least thirty (30) days before the date of the sale, by [U.S.] certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by [the RETSL]." 72 P.S. § 5860.602(e)(1). In addition, Section 602(a) of the RETSL specifies that, at least 30 days before the sale, the Bureau shall publish notice thereof in a legal journal and at least 2 newspapers of general circulation. *See* 72 P.S. § 5860.602(a). Section 602(e)(3) of the RETSL further mandates that "[e]ach property scheduled for sale shall be posted at least [10] days prior to the sale." 72 P.S. § 5860.602(e)(3).

---

[10] Section 601(a)(3) of the RETSL, 72 P.S. § 5860.601(a)(3), sets forth additional notice requirements for owner-occupied properties.

5

"[S]trict compliance with the [RETSL's] notice provisions is essential to prevent the deprivation of property without due process." *Est. of Marra v. Tax Claim Bureau of Lackawanna Cnty.*, 95 A.3d 951, 956 (Pa. Cmwlth. 2014).

> **In all tax sale cases**, **the tax claim bureau "has the burden of proving compliance with the statutory notice provisions**." *Krawec v. Carbon* [*Cnty.*] *Tax Claim Bureau*, 842 A.2d 520, 523 (Pa. Cmwlth. 2004). Section 602 [of the RETSL] requires three different forms of notice to property owners prior to an upset tax sale: publication, posting, and mail. **"If any of the three types of notice is defective**, **the tax sale is void**." *Gladstone v. Fed*[.] *Nat*[*'l*] *Mortg*[.] *Ass*[*'n*], 819 A.2d 171, 173 (Pa. Cmwlth. 2003).

*Appeal of Neff*, 132 A.3d at 644-45 (emphasis added; footnote omitted).

To that end, Section 607.1 of the RETSL[11] specifies that, in addition to the above notice requirements, *see* Section 607.1(b) of the RETSL, where, as here,

> mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the [B]ureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The [B]ureau's efforts shall include . . . contacts made to any . . . telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this [RETSL].

72 P.S. § 5860.607a(a).

---

[11] Section 607.1 of the RETSL was added by Section 30 of the Act of July 3, 1986, P.L. 351.

"[T]he courts are responsible for applying the [RETSL] in such a manner as to afford property owners due process of law with respect to tax sales." *Schooley v. Beaver Cnty. Tax Claim Bureau*, 4 A.3d 797, 800 (Pa. Cmwlth. 2010). This Court has held that a finding of actual notice can waive strict compliance with the RETSL's statutory notice provisions. *See Donofrio v. Northampton Cnty. Tax Claim Bureau*, 811 A.2d 1120 (Pa. Cmwlth. 2002); *Sabbeth v. Tax Claim Bureau of Fulton Cnty.*, 714 A.2d 514 (Pa. Cmwlth. 1998). The *Sabbeth* Court defined *actual notice* as

> notice expressly and actually given, and **brought home to the party directly**. The term "actual notice," however, is generally given a wider meaning as embracing two classes, express and implied; the former includes all knowledge of a degree above that which depends upon collateral inference, or which imposes upon the party the further duty of inquiry; the latter imputes knowledge to the party because he is shown to be conscious of having the means of knowledge. In this sense[,] **actual notice is such notice as is positively proved to have been given to a party directly and personally**, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry.

*Id*. at 517 (quoting Black's Law Dictionary 1061-62 (6th ed. 1990) (emphasis added)).

Notwithstanding, "[a]s the finder of fact, the trial court has exclusive authority to weigh the evidence, make credibility determinations[,] and draw reasonable inferences from the evidence presented." *Barylak v. Montgomery Cnty. Tax Claim Bureau*, 74 A.3d 414, 417 (Pa. Cmwlth. 2013). Thus, "[t]his Court is prohibited from making contrary credibility determinations or reweighing the evidence in order to reach an opposite result." *In re Sullivan*, 37 A.3d 1250, 1256 (Pa. Cmwlth. 2012); *see also Sabbeth*, 714 A.2d at 516 ("It is well[]settled that this Court is bound by the credibility determinations of the trial court.").

7

Here, the trial court concluded that

> while the [Bureau] attempted to serve [the April 2021 n]otice of [s]ale by certified mail, the return receipt was "signed Covid-19" and was not signed by [Owner]. Therefore, per the rules, additional notification requirements were necessary. . . . [T]he [Bureau] complied with those efforts by telephoning and speaking to [Owner] personally in advance of the sale.

> [However, t]he issue in this case is that the [**trial c**]**ourt credited the testimony of** [**Owner**] **and determined that during that conversation with personnel at the** [**Bureau**] **he believed the** [**Tax S**]**ale was to be held on December 22**, **2022 and not September 22**, **2022**. **This** [**trial c**]**ourt determined that** [**Owner's**] **belief and reliance on his mistaken belief of the incorrect** [**Tax S**]**ale date was reasonable**, considering he filed [the] Petition . . . within [30] days of learning of the date [the Tax S]ale [] occurred in Delaware County, with [Intervenor] as the buyer. [**Owner**] **credibly testified** that he informed the [Bureau] in September of 2022 he had the monies to satisfy his outstanding debt owed and he confirmed at the January 31, 2023 [h]earing that he continued to have the monies necessary to satisfy the outstanding debt owed to the [Bureau].

> The Commonwealth Court has consistently held that "[t]he purpose of a tax sale is not to strip an owner of his property but rather to insure the tax on the property is collected." *In re 2005 Sale of Real Est*[.] *by Clinton C*[*nty*]. *Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 724 (Pa. Cmwlth. 2007), as amended (Apr. 4, 2007) [c]iting *Murphy v. Monroe C*[*nty.*] *Tax Claim Bureau*, 784 A.2d 878, 883 (Pa. Cmwlth. 2001). In the case sub judice, . . . [O]wner [] testified **that he has the means to satisfy the monies due and owing on the Property and that money was available prior to the** [**Tax S**]**ale**, **as he informed the representative of the** [**Bureau**] **when they spoke on September 8**, **2022**. **It belies common sense that** [**Owner**], **who had the means and motive and opportunity to pay prior to the** [**Tax S**]**ale of** [**his**] **house**, **would purposely fail to appear or pay** [**the**] **monies due and owing**, **if not for the mistaken belief as testified to**[] **by** [**Owner**].

8

Rule 1925(a) Op. at 6-7 (emphasis added).

Because this Court is bound by the trial court's determination that Owner intended to pay the Property's outstanding taxes, but mistakenly believed the Tax Sale date was December 22, 2022, the trial court's order is affirmed.

_____

ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Delaware County Tax Claim Bureau    :
    :
    v.    :
    :
Uche Chima O    :
    :   No. 173 C.D. 2023
Appeal of: Matthew Stanisic    :

## O R D E R

AND NOW, this 16th day of July, 2024, the Delaware County Common Pleas Court's February 2, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge