J-S27034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE PALMER | |
| Appellant | No. 1640 WDA 2013 |

Appeal from the PCRA Order dated September 13, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0009376-1993

BEFORE: GANTMAN, P.J., ALLEN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 22, 2014**

Appellant Jermaine Palmer,[1] *pro se*, appeals from the September 13, 2013, order of the Court of Common Pleas of Allegheny County (PCRA court), which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we dismiss this appeal because Appellant is not eligible for relief under the PCRA.

On June 13, 2013, Appellant filed his second motion for post-conviction DNA testing,[2] requesting DNA testing for the victim's fingernail

_____

[1] It is uncontested that on June 1, 1994, following a bench trial, Appellant was convicted of third degree murder in Allegheny County and on July 25, 1994, sentenced to 10 to 20 years' imprisonment.

[2] On January 20, 2005, Appellant filed his first motion for post-conviction DNA testing. **Commonwealth v. Palmer**, 903 A.2d 49, 1622 WDA 2005,
*(Footnote Continued Next Page)*

clippings, earrings, clothing, hair follicles recovered from the vehicle, and any and all linen recovered from the Sleepy Hollow motel.  PCRA motion for DNA testing, 6/13/13, at 2.  On September 13, 2013, the PCRA court denied the motion.  The PCRA court did not require Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Noting that Appellant "continues to raise the same issues that were addressed" previously, the PCRA court by order dated October 24, 2013, adopted its four previous opinions "as its [o]pinion in the currently pending appeal" in support of its

*(Footnote Continued)* ──────────────

at 3 (Pa. Super. filed May 18, 2006) (unpublished memorandum).  Appellant sought DNA testing for:

> a) the victim's clothing[;]
>
> b) the carpet and all other items which were collected from the impounded vehicle [by homicide detectives;]
>
> c) the blanket collected by [homicide detectives; and]
>
> d) any and all those items collected as evidence from the crime scene, the impounded vehicle, and Petition, including those items having been previously tested but where the results have not been introduced at trial.

*Id.* at 3; *see also* PCRA motion for DNA testing, 1/20/05, at ¶ 7(a)-(d).  We affirmed the trial court's order denying Appellant's motion for DNA testing on the basis that the absence of Appellant's DNA on the requested items would not demonstrate a *prima facie* case of innocence.  *Id.* at 7.  This Court also authored at least four memoranda addressing Appellant's multiple PCRA petitions.  *See Commonwealth v. Palmer*, 819 A.2d 117, 596 WDA 2002 (Pa. Super. filed Jan. 15, 2003) (unpublished memorandum); *Commonwealth v. Palmer*, 928 A.2d 1127, 1458 WDA 2006 (Pa. Super. filed Apr. 12, 2007) (unpublished memorandum); *Commonwealth v. Palmer*, 964 A.2d 946, 311 WDA 2008 (Pa. Super. filed Nov. 5. 2008) (unpublished memorandum); *Commonwealth v. Palmer*, 26 A.3d 1200, 1228 WDA 2010 (Pa. Super. filed Mar. 21, 2011) (unpublished memorandum).

order denying his second motion for DNA testing. Trial Court Order, 10/24/13.

On appeal,[3] Appellant raises two issues for our review. First, he argues that the PCRA court erred in concluding "there is no reasonable possibility that DNA testing could prove [his] actual innocence." Appellant's

_____

[3] With respect to our standard of review, we have noted:

> Post conviction DNA testing falls under the aegis of the [PCRA] . . . and thus, our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, because the resolution of this appeal involves statutory construction, which involves a pure question of law, we review that aspect of the trial court's decision *de novo* and our scope of review is plenary.

**Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa. Super. 2011) (internal citation, quotation marks and footnotes omitted), **appeal denied**, 29 A.3d 795 (Pa. 2011).

When interpreting a statute, this Court is guided by the Statutory Construction Act (Act) of 1972, 1 Pa.C.S.A. §§ 1501–1991, which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." **Walker v. Eleby**, 842 A.2d 389, 400 (Pa. 2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." **Commonwealth. v. Cahill**, ___A.3d___, 2014 PA Super 129, 2014 WL 2921806, at *3 (filed June 24, 2014) (citing to Section 1921(b) of the Act, 1 Pa.C.S.A. § 1921(b)). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa.C.S.A. § 1921(c). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S.A. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." **Walker**, 842 A.2d at 400. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1).

Brief at 4. Second, Appellant challenges the PCRA court's finding that "exceptional circumstances did not warrant the Commonwealth's disclosure of the registration records for Sleepy Hollow Motel Room #24." *Id.*

Before we address the merits of this appeal, we must determine whether Appellant is eligible for relief under the PCRA. In this regard, we observe that "[a] motion for DNA testing, while separate and distinct from claims pursuant to other sections of the PCRA, nonetheless constitutes a post[-]conviction petition under the PCRA." *Commonwealth v. Williams*, 909 A.2d 383, 384 n.1 (Pa. Super. 2006).

Instantly, Appellant filed a motion for DNA testing pursuant to Section 9543.1 of the PCRA.[4] Under Section 9543.1, an individual convicted of a

_____

[4] Section 9543.1 of the PRCA provides in pertinent part:

**(a) Motion.--**

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

   . . . .

*(Footnote Continued Next Page)*

- 4 -

J-S27034-14

*(Footnote Continued)* ——————————

**(c) Requirements.--**In any motion under subsection (a), under penalty of perjury, the applicant shall:

. . . .

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted[.]

. . . .

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

. . . .

**(d) Order.--**

. . . .

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted;

. . . .

**(f) Posttesting procedures.--**

(1) After the DNA testing conducted under this section has been completed, the applicant may, pursuant to section 9545(b)(2) (relating to jurisdiction and proceedings), during the 60-day period beginning on the date on which the applicant is notified of the test results, petition to the court for postconviction relief pursuant to section 9543(a)(2)(vi) (relating to eligibility for relief).

(2) Upon receipt of a petition filed under paragraph (1), the court shall consider the petition along with any answer filed by the Commonwealth and shall conduct a hearing thereon.

(3) In any hearing on a petition for postconviction relief filed under paragraph (1), the court shall determine whether the exculpatory evidence resulting from the DNA testing conducted under this section would have changed the outcome of the trial as required by section 9543(a)(2)(vi).

*(Footnote Continued Next Page)*

- 5 -

crime in Pennsylvania, who is *serving* a term of imprisonment or *awaiting* execution because of a sentence of death, may file a motion with the sentencing court to have forensic DNA testing conducted on specific evidence that is related to the investigation or prosecution of that individual which resulted in his or her conviction. 42 Pa.C.S.A. § 9543.1(a).

As the basic requirements for DNA testing under Section 9543.1(a) indicate, to request DNA testing an individual must either be *serving* a sentence or *awaiting* execution for the challenged conviction. Here, our review of the record reveals that Appellant is doing neither. In fact, it is undisputed that, on July 25, 1994, Appellant was sentenced to 10 to 20 years' imprisonment for third degree murder, and his sentence for that conviction has expired. More than 20 years have passed since the imposition of his sentence. Thus, based on our interpretation of Section 9543.1(a), Appellant is not eligible for DNA testing, because he no longer is serving a sentence for third degree murder.[5]

_(Footnote Continued)_ ─────────────────

42 Pa.C.S.A. § 9543.1(a), (c), (d), and (f).

[5] We note that Appellant may be serving another sentence for a separate homicide conviction in Philadelphia. **See Palmer v. Pa. State Police**, 928 A.2d 1165, 1166 (Pa. Cmwlth. 2007). Regardless, because Appellant challenges only his conviction for third degree murder in Allegheny County for which he has served his sentence, it is not relevant whether he also currently is serving a sentence for another conviction. **See Commonwealth v. Martin**, 832 A.2d 1141, 1142-43 (Pa. Super. 2003) (concluding although Appellant was serving a sentence for a different conviction, the fact the he served his sentence for the challenged conviction rendered him ineligible for PCRA relief).

Our interpretation of Section 9543.1 is consistent with Section 9543(a) of the PCRA, which governs when a person is eligible for PCRA relief. To be eligible for relief under the Section 9543(a) of the PCRA, a petitioner must either be "currently *serving* a sentence of imprisonment . . . for the crime" or "*awaiting* execution of a sentence of death for the crime" or "*serving* a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii) (emphasis added). In other words, a petitioner who has served his or her sentence is ineligible for relief under Section 9543(a) of the PCRA.

Our Supreme Court addressed the requirements of Section 9543(a) in **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997). In **Ahlborn**, the appellant finished his sentence after he filed his PCRA petition. **Id.** at 719. The Court denied him relief under the PCRA on the basis that he was not currently serving a sentence. **Id.** at 721. The Court specifically reasoned:

> The denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the [PCRA]. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

**Id.** at 720 (emphasis in original); **see also Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

The similarity between Sections 9543.1(a) and 9543(a) of the PCRA is bolstered by the fact that, under Section 9543.1(f)(1), after DNA testing has

been ordered by the court and the individual obtains the results from that DNA testing, he or she may then *petition* the court for post-conviction relief, pursuant to Section 9543(a)(2)(vi) (relating to eligibility for relief). 42 Pa.C.S.A. § 9543.1(f)(1). Applying our Supreme Court's reasoning in ***Ahlborn***, upon receiving the results of DNA testing, an individual may not petition the trial court under Section 9543(a) for collateral relief if he or she has finished serving his or her sentence. Therefore, a person who obtains DNA test results for a challenged conviction necessarily must be serving a sentence for that conviction to *petition* the trial court for post-conviction relief under Sections 9543.1(f)(1) and 9543(a)(2)(vi). Instantly, even if Appellant were to be granted DNA testing, or if he obtained the results of the same, he would not be able to petition the court for collateral relief under 9543.1(f)(1) and 9543(a)(2)(vi), because, as stated earlier, he has finished serving his sentence for the challenged conviction, *i.e.*, third degree murder.

In light of our interpretation of Section 9543.1, and consistent with ***Ahlborn***, we conclude that Appellant's instant appeal must be dismissed. Appellant fails to meet the PCRA's eligibility requirements because he has completed his sentence.

Appeal dismissed.

Judge Allen joins the majority.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2014